# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

DAVID MARTINEZ,
a/k/a Robert A. Vazquez,
                          Plaintiff,

                v.                                      CIVIL ACTION NO. 14-12274-NMG

STATE OF CALIFORNIA,
                          Defendant.


## MEMORANDUM AND ORDER

**GORTON, J.**

**I.      Background**

       On April 18, 2014, plaintiff David Martinez a/k/a Robert A. Vazquez, then a prisoner at

Salinas Valley State Prison in Soledad, California, filed a lengthy, handwritten Complaint (with

exhibits), apparently suing various officials in the State of California  The Complaint is

rambling, unorganized, and virtually unintelligible.  From what can be discerned, it appears that

plaintiff challenges his imprisonment, contending he is actually innocent.  He seeks, *inter alia*,

monetary damages.  He references a number of other actions in other Courts.

       On July 17, 2014, this Court issued a Procedural Order (Docket No. 4) directing plaintiff

either to pay the $400.00 filing and administrative fees of the Court, or file a Motion for Leave to

Proceed *in forma pauperis* along with a certified prison account statement for the six-month

period preceding the filing of the Complaint.[1]

       On August 11, 2014, the mail sent to plaintiff at the Salinas Valley State Prison was

returned as undeliverable.

---

       [1]This action was deemed to be a civil action carrying a $350.00 filing fee and a $50.00
administrative fee (not applicable to prisoners proceeding *in forma pauperis*).  The Court does
not construe this case as a habeas petition insofar as: (1) plaintiff seeks monetary damages (not
available in habeas petitions); (2) he names multiple defendants and not the proper respondent
for a habeas petition; and (3) the Court lacks jurisdiction over any habeas petition because the
proper respondent is petitioner's immediate custodian in California.

## II.    Discussion

It has been over a year and this Court has not received any inquiries from the plaintiff concerning the status of this action.  He also has not advised this Court of his change of address or updated contact information, as required by District Court Local Rule 83.5.5(h)(Requirement to Update Addresses, providing that: "[e]very party appearing pro se shall inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change.  It is the responsibility of the pro se party to notify the clerk and the parties of any change.  Any notice sent by the clerk or any party to a pro se party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the pro se party.).

Moreover, this Court's Local Rule 41.1(a)(1) addresses the lack of prosecution of cases, by providing that: "[w]henever in any civil action the clerk shall ascertain that no proceeding has been docketed therein for a period of one (1) year, he shall then mail notice to all persons who have entered an appearance in such a case that, subject to the provisions of subsection (a)(3), the case will be dismissed without further notice 28 days after the sending of the notice.

Notwithstanding the above, this Court has discovered through an internet search that plaintiff is currently in custody in the California Health Care Facility in Stockton, California.[2]

In light of this discovery, and the presumption that plaintiff did not receive notice of the Procedural Order as it was returned as undeliverable, this action shall be dismissed within 28 days of the date of this Memorandum and Order unless plaintiff either pays the $400.00 filing and administrative fees or files an application to proceed *in forma pauperis* accompanied by a certified prison account statement, as previously directed.

The Clerk shall send to plaintiff a blank *in forma pauperis* application form, along with a copy of this Memorandum and Order and the Procedural Order (Docket No. 4) at his last known

---

[2]This facility provides medical care and mental health treatment to inmates with severe and long-term needs.

address as follows:

> David Martinez, a/k/a Robert A. Vazquez
> #E38193
> California Health Care Facility –Inmate Mail
> 7707 Austin Rd
> Stockton, CA 95215

Next, under a preliminary screening pursuant to Section 1915A of Title 28,[3] this Court finds that even if plaintiff complied with the directives contained herein, the Complaint in its current form cannot proceed and is subject to dismissal.  This Court cannot find a basis for subject matter jurisdiction nor can this Court find that the District of Massachusetts is the proper venue for his claims against California defendants.  Further, this Court cannot clearly identify the sum total of the defendants, nor can it find that any plausible claims upon which relief may be granted have been stated.

Accordingly, plaintiff must also file, within 28 days of the date of this Memorandum and Order, an Amended Complaint setting forth the basis for jurisdiction and venue, and stating plausible claims upon which relief may be granted.  The Amended Complaint should contain brief statements indicating who did what to whom, when, where, and why.

Finally, plaintiff shall disclose the name and docket number of any cases he has filed in other courts that relate directly or indirectly to this action, along with the court location in which the suit was filed.

Failure to comply with any of the directives contained herein may result in a dismissal of this action.

---

[3]Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

**III.     Conclusion**

Based on the foregoing, it is hereby Ordered that:

1.      This action shall be dismissed within 28 days of the date of this Memorandum and Order unless plaintiff either pays the $400.00 filing and administrative fees or files an application to proceed *in forma pauperis* accompanied by a certified prison account statement;

2.      If plaintiff wishes to proceed with this action, within 28 days of the date of this Memorandum and Order, he shall file an Amended Complaint setting forth the subject matter jurisdiction and venue of this Court, and setting forth plausible claims upon which relief may be granted.  He also shall disclose the name and docket number of any cases he has filed that relate to this action, along with the Court location in which the suit was filed; and

3.      The Clerk shall send a blank *in forma pauperis* application form, along with a copy of this Memorandum and Order and the Procedural Order (Docket No. 4) to plaintiff at his last known address in Stockton, California.

SO ORDERED.

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: November 30, 2015